UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID JOHNSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; KATHEEN MCGETTIGAN, ACTING DIRECTOR, OFFICER OF PERSONNEL MANAGEMENT; PHILIP A. MISCIMARRA, ACTING DIRECTOR, NATIONAL LABOR RELATIONS AUTHORITY; STEVEN MNUCHIN, SECRETARY, DEPARTMENT OF THE TREASURY; NATIONAL EMPLOYEES TREASURY UNION; AND UNKNOWN DEFENDANTS,<br><br>                    Defendants. | 17-CV-3876 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff David Johnson, currently residing in Brooklyn, New York, brings this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a); and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

       Plaintiff's claims arise from the termination in 2010 of his employment with the United States Internal Revenue Service (IRS), where he worked out of the IRS office in Chicago, Illinois. Plaintiff has a pending action in the United States District Court for the Northern District of Illinois asserting substantially similar claims arising from the same 2010 termination and naming some of the same defendants that he sues in this action. *See Johnson v. Lew*, No. 14-CV-2233 (N.D. Ill. filed Mar. 27, 2014). For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Illinois.

## DISCUSSION

On March 27, 2014, Plaintiff filed suit against the Secretary of the Treasury and other IRS employees, alleging that the IRS discriminated against Plaintiff based on his race and fired him from his position at the IRS in Chicago, Illinois. *Johnson v. Mnuchin*, No. 14-CV-2233 (N.D. Ill. filed Mar. 27, 2014). By order filed August 10, 2016, the United States District Court for the Northern District of Illinois denied defendants' motion to dismiss Plaintiff's Title VII claims against his employer but granted defendants' motion to dismiss the remaining claims in Plaintiff's second amended complaint. *Id.* (ECF No. 198).[1] Plaintiff's Title VII claims against Treasury Secretary Steven Mnuchin remain pending in the Northern District of Illinois.

Three years after he commenced that action, in May 2017,[2] Plaintiff filed two new actions in this Court also arising from the same facts: *Johnson v. Mnuchin, et al.*, No. 17-CV-3612 (S.D.N.Y. May 30, 2017), which the Court has already transferred to the Northern District of Illinois, and this action. In this complaint, Plaintiff names as Defendants the Acting Directors of the Office of Personnel Management, the National Labor Relations Board, and the Federal Labor Relations Authority;[3] the Secretary of the Treasury, Steven Mnuchin; the National Treasury Employees Union (NTEU); and the United States. Plaintiff alleges in this complaint

---

[1] The district court dismissed Plaintiff's claims under the Labor Management Relations Act because Plaintiff failed to plead that the union breached its duty of fair representation. *Johnson v. Mnuchin*, No. 14-CV-2233 (N.D. Ill. Dec. 4, 2015) (ECF No. 147, Order at 4.).

[2] Plaintiff also filed another action in the Northern District of Illinois arising from his 2010 termination, but he voluntarily dismissed that action. *Johnson v. United States*, No. 17-CV-1282 (N.D. Ill. May 30, 2017).

[3] Patrick Pizzella is the Acting Chairman of the Federal Labor Relations Authority, sued herein as the "National Labor Relations Authority."

that he was fired from his position at the IRS in Chicago, Illinois, in 2010, because of discrimination in violation of Title VII and that Defendants have engaged in unfair labor practices and deprived him of reinstatement and back pay.

The Second Circuit has addressed "the danger that plaintiffs may engage in forum shopping or, more accurately, judge shopping. When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (considering situation where the plaintiff filed two substantially identical suits in two federal district courts). "Courts already heavily burdened with litigation with which they must of necessity deal should not be called upon to duplicate each other's work in cases involving the same issues and the same parties." *Id.* at 1203 (citation omitted). Thus, generally where "there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008);[4] *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("Where there are two competing lawsuits, the first suit should have priority."). Factors affecting the balance of convenience, which could favor giving priority to a properly venued second action, include:

> (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof;(4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel unwilling witnesses; and (7) the relative means of the parties.

---

[4] Special circumstances may exist where the first-filed lawsuit was an improper anticipatory declaratory judgment action filed in response to a threat of litigation, or where forum shopping alone motivated the choice of venue for the first-filed action.

3

*Employers Ins.*, 522 F.3d at 275 (noting that these factors are "essentially the same as those considered in motions to transfer venue pursuant to 28 U.S.C. § 1404(a)").

Venue for this action does not appear to lie in this Court. Venue for a Title VII claim generally lies in any district in the State where the plaintiff was employed, 42 U.S.C. § 2000e-5(f)(3), and Plaintiff was employed in Illinois. Moreover, venue is not proper under the general venue provision at 28 U.S.C. § 1391(b)(2), because Plaintiff's allegations suggest that none of the events or omissions underlying his claim arose in this district.

Plaintiff contends that venue is proper in this Court because Defendant NTEU has an office in Manhattan. Venue under § 1391(b)(1) based on a defendant's residence in the district is proper, however, only where *all* defendants reside in the same State, which is not the case here. Because venue does not lie in this district, transfer to the Northern District of Illinois, where venue over this action is proper, is appropriate under 28 U.S.C. § 1406(a). Even if Plaintiff could show that venue were also proper in this district, the first suit that Plaintiff filed more than three years ago takes precedence over this later-filed action. *Simmons*, 878 F.2d at 79 ("Where there are two competing lawsuits, the first suit should have priority.").[5] Accordingly, the Court transfers this action to the United States District Court for the Northern District of Illinois, 28 U.S.C. § 1406(a).

The Court warned Plaintiff in *Johnson*, No. 17-CV-3612 (S.D.N.Y.), that filing further duplicative or other non-meritorious litigation in this Court could result in an order barring him from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

---

[5] Some (but not all) of the claims that Plaintiff raises in this action have already been adjudicated, and principles of preclusion may bar him from reasserting such claims.

Because Plaintiff filed this action before the Court issued that warning, the Court does not at this time bar Plaintiff from filing new actions IFP. The Court's warning, however, remains in effect.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and transfer this action to the United States District Court for the Northern District of Illinois. The Clerk of Court is further directed to mail a copy of this order to Plaintiff, noting service on the docket. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 7, 2017
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge